**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:22-CR-03 (WLS) |
| | : | |
| DURANTE PIERRE NIMMONS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Previously, the Court committed Defendant Durante Pierre Nimmons ("Defendant") to the custody of the Attorney General until his mental condition improved after a forensic psychologist found him to be suffering from a mental disease or defect that rendered him mentally incompetent.[1] (Doc. 111). The Court instructed the director of the facility in which Defendant was to be hospitalized to report to the Court the condition of the Defendant at the conclusion of this commitment. Defendant's period of commitment ended on December 15, 2025. On January 1, 2026, officials at the Federal Medical Center, Devens provided the Court with another Forensic Evaluation ("the Evaluation") and an accompanying Certificate of Competency. (Doc. 116). Both documents indicate that Defendant Nimmons is now competent to stand trial in the revocation proceedings against him.

Under 18 U.S.C. § 4241(a), the Court shall hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The Court "must conduct a competency hearing when there is a 'bona fide doubt' regarding the defendant's competence." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (quoting *Pate v. Robinson*, 383 U.S. 375, 385 (1966)). Based on the Court's review of the recent Evaluation and the Certificate of Competency, it does not appear that a hearing on

---

[1] The Court also held a hearing on the issue of Defendant's competency on February 25, 2025. At that hearing, Defense Counsel and Counsel for the Government agreed that Defendant was incompetent to stand trial and that committing him for further treatment in accordance with 18 U.S.C. § 4241(d) was the appropriate course of action. (*See* Doc. 111).

1

Defendant's competency is necessary or warranted, given the absence of a "bona fide doubt" regarding Defendant's competence to proceed at this time.

Notwithstanding this, Counsel are **ORDERED** to confer and inform the Court, in writing, of the Parties' views regarding the appropriate action at this time and whether they believe a competency hearing is necessary prior to the completion of the pending revocation proceedings within fourteen (14) days of the entry of this Order, or **by no later than Tuesday, March 3, 2026**.

Additionally, the Clerk is **DIRECTED** to provide Counsel for the Parties with a copy of the Evaluation (Doc. 116) if the Parties have not previously been provided with such. The Clerk is also **INSTRUCTED** to serve a certified copy of the instant Order on the United States Marshal for the Middle District of Georgia so that Defendant Nimmons may be returned to this district for future proceedings. Said Evaluation shall also be made available to the United States Probation Office upon request.

**SO ORDERED**, this 17th day of February 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**