**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA,          :
                                   :
v.                                 :          CASE NO.: 1:22-CR-03 (WLS)
                                   :
DURANTE PIERRE NIMMONS,            :
                                   :
    Defendant.                    :
_____   :

## <u>ORDER</u>

On February 25, 2026, the Court held a hearing on the United States Probation Office's Petition (Doc. 91) to revoke Defendant Durante Pierre Nimmons's ("Defendant") supervised release. Previously, Defendant pleaded guilty to Count I of the Indictment (Doc. 1), which charged him with Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). Defendant was sentenced on February 28, 2024, to a term of imprisonment of time served, to be followed by three years of supervised release.

Defendant's term of supervised release began on May 23, 2024. On July 15, 2024, the United States Probation Office petitioned the Court for a warrant or summons. (Doc. 91). The Petition alleges that Defendant violated the conditions of his supervised release on three (3) occasions.

At the revocation hearing held on February 25, 2026, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his right to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify, consistent with his right to do so, was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 91) and reviewed it. Defendant stated he had spoken to Counsel about the Petition and wished to admit to some of the violations. Accordingly, the Court found that Defendant freely, knowingly, and voluntarily waived his right to a hearing

1

and stipulated to Violations I and III of the Petition. The Government dismissed the remaining violation, Violation II of the Petition. The Court thereafter found that Defendant violated the conditions of his supervised release and declared Defendant's supervised release revoked.[1]

The Court heard from the Government, Defense counsel, and Defendant. Neither party objected the Revocation Report (Doc. 121). The Government requested a sentence of time served. Defendant requested a sentence of time served without an additional term of supervised release. The Court determined Defendant's U.S. Sentencing Guidelines range to be 5 to 11 months based on Defendant's Grade C violations and a Criminal History Category of III. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to a term of imprisonment of time served.

For the aforementioned reasons, the Petition (Doc. 91) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Defendant is sentenced to time served. No term of supervised release is to follow said imprisonment. The Parties agreed and acknowledged, and the Court approved, that the United States Probation Office may provide Defendant's mental health records created during the pendency of this matter to any subsequent mental health provider for Defendant.

**SO ORDERED**, this 26th day of February 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.*